This is a consolidated appeal from two judgments of the Lucas County Court of Common Pleas. In the first judgment entry, filed on June 11, 1998, the court granted a summary judgment to appellees, Sharon Jennings, Individually, and as Executrix for the Estate of W. Claude Gill, and G.T.D. Corporation, on the basis that the statute of limitations had expired on the claims that appellant, Duane J. Tillimon, had filed against them in this case. In the second judgment entry, filed on July 23, 1998, the court denied a Civ.R. 60(B) motion for relief from judgment filed by appellant. Appellant then filed two separate notices of appeal, and on August 28, 1998, this court ordered that the two appeals be consolidated.
Appellant has presented one assignment of error for consideration that reads:
 "1. The Trial Court committed reversable [sic] error by its entry of June 11, 1998 [sic] in preventing Plaintiffs [sic] discovery and from taking the depositions of Defendant Jennings Kenney, and Sadowski on material and provative [sic], evidences of the facts leading up to her written promise to either buy Plaintiff's listed personal property, or to allow Plaintiff to get it, and also relating to her falsification by filing and [sic] Ohio State Tax Return wherein she falsely swore that Plaintiff's debt herein had been paid, and swore that Plaintiff's debt herein had been paid, and for her up to date criminal acts in committing a Theft Offense by renting out even to 1998 Plaintiff's Rental Property, while admitting it wAs [sic] his, and for abuse of process in witholding [sic] Mr. Tillimon's property, and until Mr. Tillimon paid allegdly [sic] rent due from Equity Preservation Inc., and
 B. In upholding the defense of Statute of Limitations when the written promise of Defendants Jennings under O.R.C. 2305.06 called for a 15 year Statute of Limitation and
 C. Plaintiff presented viable evidences before the granting of summary judgements of June 11, 1998 of Defendants criminal acts of renting out for money Plaintiffs listed items of personal property, which under O.R.C. 2913.02 were, each day, criminal `Theft Offenses' and this gave viable actions under O.R.C. 2307.60, `§ 2307.60 Civil recovery for criminal act; record of conviction as evidence.'
 D. The Court ommitted [sic] reversible error in not holding a viable Cause of Action was given Plaintiff by Defendant Jennings on criminal act of `Falsification' under O.R.C. 2921.13, (A),(10), in swearing in Probate Court that all Debts had been paid, which with O.R.C. 2307.60, gives a Civil Action for committing the aforesaid Criminal Act.
 E. The Trial Court Committed Reversible Error Because Defendant's GTS Corporation, Gill and Jennings, Continued as Landlords, After Judge Franklin's Denial in 1994 of this Summary Judgment Motion, to hold Plaintiff's Personal Property, unless Plaintiff Paid Rent of $500 or other Amounts — And Landlords Can't Retain the Tenant's Property to Force Payment of Unpaid Rent — An Abuse of Process.
 F. The Trial Court Committed Reversible Error in Denying Plaintiff's Rule 60(B) Motion, Filed Before the Notice of Appeal, Because Plaintiff's Evidence And Arguments On The Law, Gave The Court Jurisdiction So To Consider, [sic] And The Court Should Have Vacated Summary Judgment."
This court, like all Ohio courts, is governed by the provisions of Civ.R. 56(B) when considering whether summary judgment is appropriate in a case. After carefully reviewing the record and considering the arguments presented on appeal, we conclude that the trial court correctly applied the provisions of Civ.R. 56(B) in this case. We affirm the trial court's judgment that appellees are entitled to summary judgment because: the statutes of limitations on appellant's claims are expired; no binding written contract was formed; and no valid claim for fraud or for a violation of R.C. 2921.13 was timely filed. We conclude that the trial court applied the appropriate statutes of limitations in this case, and we adopt the trial court's June 11, 1998 Opinion and Judgment Entry as our own. (See Appendix A.) We further affirm the trial court's judgment denying appellant's Civ.R. 60(B) motion because appellant's claim that the original judgment was flawed by "mistake" is unfounded. Finally, we note that because appellant's claims were time barred, the trial court correctly prevented appellant from conducting any depositions for discovery.
Appellant's sole assignment of error is not well-taken and is denied. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.